UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

WENDELL R. WILSON

VERSUS

CITY OF BATON ROUGE DEPARTMENT
OF PUBLIC WORKS

CIVIL ACTION

NUMBER 07-101-FJP-SCR

## RULING

This matter is before the Court on the City of Baton Rouge Department of Public Works' (hereinafter "DPW" or "defendant") motion for summary judgment.[1] Plaintiff, Wendell R. Wilson (hereinafter "Wilson" or "plaintiff"), has filed an opposition to the motion.[2] For the reasons which follow, defendant's motion for summary judgment is granted.[3]

### I. Factual and Procedural Background

Plaintiff Wendell R. Wilson began his employment with DPW in 1988. He was promoted to the position of Public Works Superintendent in 1994, a position in which he remained until his retirement in 2007. In 2005, Wilson was suspected of theft of DPW

---

[1] Rec. Doc. No. 10.

[2] Rec. Doc. No. 13. While plaintiff purports to oppose a motion for partial summary judgment, defendant has moved for summary judgment on all claims made by plaintiff in this case.

[3] In making its ruling, the Court has considered all of the contentions of the parties whether or not specifically discussed in this opinion.

property based a confession of a co-worker named Timothy Cook (hereinafter "Cook"). Cook stated that he and Wilson had stolen scrap metal from DPW and split the money received from sale of the property. Wilson was then subsequently arrested based on these allegations. Wilson was issued a pre-termination letter following his arrest, but DPW allowed Wilson, a long time employee, to remain employed pursuant to an "Employee Work Agreement" ("EWA"). Under the terms of the EWA, Wilson was allowed to return to work after a two-week suspension without pay, and he agreed to release any and all claims he may have had against the defendant. Though Wilson purported to revoke this settlement agreement, he nevertheless served the two-week suspension and then returned to work. Cook chose to resign his employment with DPW rather than face disciplinary action.

Wilson filed this lawsuit alleging discrimination based on age under the Age Discrimination and Employment Act[4] ("ADEA") and disability under the Americans with Disabilities Act[5] ("ADA"). It is important to note that plaintiff does not claim that his retirement was involuntary. Thus, there is no claim of constructive discharge in this case. Wilson also claims that his rights were violated under the equal protection clause and due process clause of the Fourteenth Amendment to the United States

---

[4] 29 U.S.C. § 623, et. seq.

[5] 42 U.S.C. § 12112, et. seq.

Constitution. Specifically, Wilson alleges that the following employment actions were taken against him based on his age and disability: a two-week suspension without pay; being assigned to a work area without a telephone or computer; not providing him with notice and an opportunity to apply for a newly created job; and, continuous harassment.[6] Despite these allegations, plaintiff did not file a retaliatory claim.

## II. Law and Analysis

### A. Summary Judgment Standard

Currently before the Court is a motion for summary judgment filed by the defendant pursuant to Federal Rule of Civil Procedure 56(c). Defendant contends that there is no genuine issue as to any material fact and that it is entitled to judgment in its favor as a matter of law.

Summary judgment should be granted if the record, taken as a whole, "together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is

---

[6] *See* Complaint, Rec. Doc. No. 1. With respect to the "continuous harassment allegation, plaintiff's complaint states: "...[defendant] has continuously and purposely perpetrated acts to cause complainant to leave his employment as will be more specifically shown through a history of correspondences and employment documentation dating from the year 1991 to present." Plaintiff has not presented any such documentation that would substantiate this allegation, as is discussed throughout this ruling.

entitled to a judgment as a matter of law."[7]  The Supreme Court has interpreted the plain language of Rule 56(c) to mandate "the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."[8]  A party moving for summary judgment "must 'demonstrate the absence of a genuine issue of material fact,' but need not negate the elements of the nonmovant's case."[9]  If the moving party "fails to meet this initial burden, the motion must be denied, regardless of the nonmovant's response."[10]

If the moving party meets this burden, Rule 56(c) requires the nonmovant to go beyond the pleadings and show by affidavits, depositions, answers to interrogatories, admissions on file, or other admissible evidence that specific facts exist over which

---

[7] Fed. R. Civ. P. 56(c); *New York Life Ins. Co. v. Travelers Ins. Co.*, 92 F.3d 336, 338 (5th Cir. 1996); *Rogers v. Int'l Marine Terminals, Inc.*, 87 F.3d 755, 758 (5th Cir. 1996).

[8] *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986).  See also *Gunaca v. Texas*, 65 F.3d 467, 469 (5th Cir. 1995).

[9] *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (quoting *Celotex*, 477 U.S. at 323-25, 106 S.Ct. at 2552).

[10] *Id.* at 1075.

there is a genuine issue for trial.[11] The nonmovant's burden may not be satisfied by conclusory allegations, unsubstantiated assertions, metaphysical doubt as to the facts, or a scintilla of evidence.[12] Factual controversies are to be resolved in favor of the nonmovant, "but only when there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts."[13] The Court will not, "in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts."[14] Unless there is sufficient evidence for a jury to return a verdict in the nonmovant's favor, there is no genuine issue for trial.[15]

In order to determine whether or not summary judgment should be granted, an examination of the substantive law is essential. Substantive law will identify which facts are material in that "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of

---

[11] *Wallace v. Texas Tech Univ.*, 80 F.3d 1042, 1046-47 (5th Cir. 1996).

[12] *Little*, 37 F.3d at 1075; *Wallace*, 80 F.3d at 1047.

[13] *Wallace*, 80 F.3d at 1048 (quoting *Little*, 37 F.3d at 1075). See also *S.W.S. Erectors, Inc. v. Infax, Inc.*, 72 F.3d 489, 494 (5th Cir. 1996).

[14] *McCallum Highlands v. Washington Capital Dus, Inc.*, 66 F.3d 89, 92 (5th Cir. 1995), as revised on denial of rehearing, 70 F.3d 26 (5th Cir. 1995).

[15] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-51, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986).

summary judgment."[16]  The Court will now turn to a discussion of each of plaintiff's claims.

### B.  Age Discrimination Claim

This case does not involve direct evidence of discrimination, but rather only circumstantial evidence.  In an age discrimination case based on circumstantial evidence, the Court must employ the well-known *McDonnell Douglas* burden-shifting framework.[17]  *McDonnell Douglas* and its progeny "established an allocation of the burden of production and an order for the presentation of proof in . . . discriminatory treatment cases."[18]  To establish a claim for discrimination, a plaintiff must first establish a *prima facie* case of discrimination.  If the plaintiff can establish a *prima facie* case, the burden shifts to the defendant to "produc[e] evidence that the plaintiff was rejected, or someone else preferred, for a legitimate, nondiscriminatory reason."[19]  The defendant's burden is "one of production, not persuasion; it 'can involve no credibility

---

[16] *Id.* at 248.

[17] *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973); *Baker v. American Airlines, Inc.*, 430 F.3d 750, 753 (5th Cir. 2005).

[18] *Reeves v. Sanderson Plumbing,* 530 U.S. 133, 142, 120 S.Ct. 2097, 147 L.Ed.2d 105 (2000), citing *St. Mary's Honor Center v. Hicks,* 509 U.S. 502, 506, 113 S.Ct. 2742, 125 L.Ed.2d 407 (1993). See also *Texas Dept. of Community Affairs v. Burdine,* 450 U.S. 248, 252-253, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981).

[19] *Burdine*, 450 U.S. at 254.

assessment.'"[20]  If the defendant can provide a legitimate, nondiscriminatory reason, the analysis does not end there.  "The ultimate burden of persuading the trier of fact that the defendant intentionally discriminated against the plaintiff remains at all times with the plaintiff."[21]  The plaintiff, therefore, "must be afforded the 'opportunity to prove by a preponderance of the evidence that the legitimate reasons offered by the defendant were not its true reasons'" for the adverse action.[22]  In the Fifth Circuit, to satisfy this standard:

> the plaintiff must then offer sufficient evidence to create a genuine issue of material fact either (1) that the defendant's reason is not true, but is instead a pretext for discrimination (pretext alternative); or (2) that the defendant's reason, while true, is only one of the reasons for its conduct, and another motivating factor is the plaintiff's protected characteristic. (mixed-motive[s] alternative).[23]

If the plaintiff is unable to meet this burden, the defendant is entitled to summary judgment.

### 1. *Prima Facie* Case of Age Discrimination

In order to establish a *prima facie* case of age discrimination the plaintiff must show that he: (1) is a member of a protected

---

[20] *Reeves*, 530 U.S. at 142, citing *St. Mary's Honor Center,* 509 U.S. at 509.

[21] *Burdine,* 450 U.S. at 253.

[22] *Reeves*, 530 U.S. at 143, citing *Burdine*, 450 U.S. at 253.

[23] *Keelan v. Majesco Software, Inc.*, 407 F.3d 332, 341 (5th Cir. 2005).

class; (2) was qualified for his position; (3) was subjected to an adverse employment action; and (4) was replaced by someone outside the protected class, or, in the case of disparate treatment, shows that others similarly situated were treated more favorably.[24] Defendant concedes that plaintiff has met the first and second elements. The Court finds that plaintiff has met the third element as well because a two-week suspension without pay certainly qualifies as an actionable adverse employment action.[25] Since plaintiff was not terminated, the fourth element requires a showing that those similarly situated were treated more favorably. Plaintiff has failed to make such a showing because although Cook may have been younger and similarly situated, plaintiff has failed to establish that Cook was treated more favorably. In fact, Cook resigned from his employment after learning of proposed disciplinary action. In addition, plaintiff has not presented evidence of any other similarly situated employee who was treated more favorably, and a review of the record fails to find such evidence.

---

[24] *Okoye v. University of Texas Houston Health Science Center*, 245 F.3d 507, 512-513 (5th Cir. 2001).

[25] *Lemaire v. Louisiana Department of Transportation and Development*, 480 F.3d 383, 390 (5th Cir. 2007)(finding that a two day suspension without pay was an actionable adverse employment action). Contrary to the argument advanced by defendant, the Supreme Court has ruled that an "ultimate employment decision" is no longer required to maintain an action for discrimination. *Burlington Northern and Santa Fe Railroad Co. v. White*, 548 U.S. 53, 126 S.Ct. 2405, 165 L.Ed.2d 345 (2006).

With regard to the other alleged adverse employment actions, plaintiff has similarly failed to meet the fourth element of a *prima facie* case on the other alleged adverse employment actions. It is unclear whether these other alleged actions can satisfy the third element of being an adverse employment action even under the relaxed *Burlington* standard. *Burlington* no longer requires an "ultimate employment decision."[26] However, there has been no showing that similarly situated employees were treated any differently than plaintiff with respect to any of these alleged actions. Furthermore, plaintiff's claim of discrimination based on the absence of a computer or telephone in his work area is not supported by his own evidence. Plaintiff's evidence shows that plaintiff's supervisor was aware of plaintiff's problem and had requested that the phone and computer be provided to plaintiff.[27] The record also fails to contain evidence to show that other similarly situated employees were given notice of, or greater opportunity to, apply for newly created positions.[28] Plaintiff's

---

[26] *Burlington*, 548 U.S. at 53.

[27] Rec. Doc. No. 13, Plaintiff's Exhibit 8.

[28] Even if plaintiff was able to show that similarly situated employees were treated more favorably in terms of notice and opportunity to apply for new positions, plaintiff cannot sustain a claim for failure to promote. A *prima facie* case for failure to promote requires the plaintiff to have applied for the position sought. *Ruth v. Owens-Illinois Glass Container, Inc.*, 2007 WL 4533434 (5th Cir. 2007). In this case, plaintiff's concession that he did not apply for the position defeats his claim.

final allegation regarding continuous harassment is simply not supported by the evidence, and cannot constitute an adverse employment action on which plaintiff can establish a *prima facie* case of age discrimination.[29]

### 2. Legitimate, Nondiscriminatory Reason and Rebuttal

Though plaintiff has not established a *prima facie* case of age discrimination, defendant has nevertheless satisfied its burden of production under the *McDonnell Douglas* framework by offering a legitimate, nondiscriminatory reason for this action. Defendant suspended plaintiff based on its belief that plaintiff was guilty of theft. Plaintiff has not presented sufficient summary judgment evidence to show that this reason was a pretext or that the suspension was motivated in any way by his age. Plaintiff's purported evidence of pretext is that after his arrest he was never charged or convicted of the theft for which he was disciplined by defendant. This is unconvincing evidence of pretext because whether plaintiff was to be charged with a crime is matter of prosecutorial discretion and has nothing to do with the defendant's belief under the facts defendant had at the time it made its decision. The fact that plaintiff was not charged or convicted is not determinative of whether the defendant had a legitimate,

---

[29] Plaintiff's harassment claim will be discussed more specifically below.

nondiscriminatory reason to impose a suspension from work.[30] It is important to note that according to the Fifth Circuit, the proper inquiry "is not whether the employer made an erroneous decision; it is whether the decision was made with discriminatory motive."[31] Plaintiff's evidence does not show that defendant's decision to impose discipline was made with any discriminatory motive. Plaintiff also argues that the defendant's articulated reason was a pretext for discrimination because the defendant did not immediately impose any discipline. Plaintiff claims that if there were proper grounds for discipline, defendant would not have waited to impose it. However, the record fails to establish that the delay was based on discriminatory motive or pretext.

Plaintiff's evidence based on his own self-serving belief that he was discriminated against because of his age offered in the form of EEOC complaints is insufficient to show pretext or discriminatory motive in this case. Additionally, plaintiff's circumstantial evidence discussed above similarly fails to show

---

[30] Though plaintiff focuses on the fact that he was never charged or convicted, he never actually claimed that he was not guilty of the theft alleged. The lack of an affirmative denial of the theft allegation further undermines plaintiff's pretext argument, and supports the proposition that defendant had reason to believe that plaintiff was guilty of theft. It is also important to note that Cook made a voluntary confession to the defendant. There is no evidence that defendant sought this confession for discriminatory reasons.

[31] *Mayberry v. Vought Aircraft Co.*, 55 F.3d 1086, 1091 (5th Cir. 1995).

pretext or discriminatory motive. Therefore, summary judgment in favor of defendant should be granted on plaintiff's age discrimination claim because plaintiff has failed to present summary judgment type evidence to establish a *prima facie* case or a material issue which precludes the Court from granting summary judgment on this claim. Plaintiff has also failed to rebut by summary judgment type evidence defendant's legitimate, nondiscriminatory reason for the alleged adverse employment actions, nor has plaintiff presented such evidence to establish a material issue of fact in dispute.

C. **Disability Discrimination Claim**

For the purposes of this motion, the Court will assume without deciding that the plaintiff's supplemental letter to the EEOC regarding his disability claim was valid, and thus plaintiff's assertion of that claim in this lawsuit is not premature. The Court will also assume without deciding that the employee work agreement purporting to bar plaintiff's assertion of a disability discrimination claim was validly revoked. These assumptions have no effect on the Court's ultimate resolution of this claim because regardless of how these issues are decided, plaintiff failed to present sufficient summary judgment type evidence to establish a *prima facie* case of disability discrimination or a material issue of fact in dispute in order to defeat summary judgment.

The *McDonnell Douglas* framework discussed previously under the

age discrimination claim also applies to a claim brought under the ADA when only circumstantial evidence is offered to prove unlawful discrimination.[32]  To establish a *prima facie* case of discrimination under the ADA, plaintiff must show: (1) he is disabled or is regarded as disabled; (2) he is qualified for the job; (3) he was subjected to an adverse employment action on account of his disability; and (4) he was replaced by or treated less favorably than non-disabled employees.[33]  Plaintiff's complaint alleged that he suffered from post traumatic stress disorder.  Defendant concedes that the first and second elements have been established.  However, with regard to the third element, defendant argues that plaintiff has not presented sufficient summary judgment evidence to show that he was subjected to any adverse employment actions on account of his disability or to establish a material issue of fact in dispute on this claim.

The only evidence plaintiff has presented in support of the third element, besides the documents containing plaintiff's own self-serving belief that he was subjected to discrimination because of a disability, is a letter dated August 12, 1997, and an email correspondence between plaintiff's supervisors David Guillory and

---

[32] *McInnis v. Alamo Community College Dist.*, 207 F.3d 276, 279 (5th Cir. 2000).

[33] *Id.*

Doc#45111                                   13

Jorge Ferrer sent on August 23, 2007.[34]  The contents of the letter clearly do not show discrimination, but rather a concern for the plaintiff's mental health.  The 1997 letter fails to establish a causal link between plaintiff's disability and any adverse employment action.  The letter only shows that defendant was aware of a possible disability.  In addition, the eight year lapse between the letter that purportedly establishes defendant's knowledge of plaintiff's disability and any alleged adverse employment actions further undermines any claim of discrimination based on disability.[35]  The courts require a very close temporal proximity between knowledge given to the defendant and an adverse employment activity.  In this case, the eight year period was too long to establish causation.  The email correspondence that plaintiff offers as proof of discrimination was sent in 2007, ten years after plaintiff allegedly began suffering from a disability.  The inception of plaintiff's disability and an email ten years later does not support any causal connection between plaintiff's

---

[34] Rec. Doc. No. 13, Plaintiff's Exhibits 11 and 9.

[35] See *Mayberry v. Mundy Contract Maintenance Inc.*, 197 Fed.Appx. 314 (5th Cir. 2006)(finding that a two year lapse between plaintiff's firing and the protected activity was too long to establish causation), citing *Clark County Sch. Dist. v. Breeden*, 532 U.S. 268, 273, 121 S.Ct. 1508, 149 L.Ed.2d 509 (2001)("The cases that accept mere temporal proximity between an employer's knowledge of protected activity and an adverse employment action as sufficient evidence of causality to establish a prima facie case uniformly hold that the temporal proximity must be very close." (internal quotation omitted)).

disability and alleged discrimination.[36]  Plaintiff has also failed to satisfy the fourth element of his *prima facie* case because there is no evidence to show that he was treated less favorably than any non-disabled employee or evidence to create a material issue of fact on this issue.

Considering the above, it is not necessary for the Court to proceed any further under the *McDonnell Douglas* analysis. Plaintiff has not presented sufficient summary judgment type evidence to establish a *prima facie* claim of disability discrimination.  Therefore, summary judgment for the defendant should be granted on this claim.

**D.   Hostile Work Environment Claim**

Plaintiff claims that he was subjected to harassment based on age and disability under a hostile work environment theory.  Though harassment based on a disability might be recognized under a hostile work environment theory, it is not clear whether this theory also applies to harassment based on age.[37]  However, even assuming that the hostile work environment theory would apply to claims of harassment based on both age and disability, plaintiff

---

[36] *Id.*

[37] *Flowers v. Souther Regional Physician Services, Inc.*, 247 F.3d 229 (5th Cir 2001)(recognizing a hostile work environment claim under the ADA); *McNealy v. Emerson Electric Company*, 121 Fed.Appx. 29 (5th Cir. 2005)(noting that neither the U.S. Supreme Court, nor the Fifth Circuit have definitively stated whether the hostile work environment framework extends to claims under the ADEA).

lacks sufficient summary judgment type evidence to survive summary judgment on either claim.

In order to establish a hostile work environment claim, plaintiff must prove that: (1) he is in a protected class; (2) he was subjected to unwelcome harassment; (3) the harassment was based on his status as a member of the protected class; (4) the harassment affected a term, condition, or privilege of employment;[38] and (5) the employer knew or should have known of the harassment and failed to take remedial action.[39]  Plaintiff has failed to satisfy the third element because there has been no showing that he was harassed based on his age or disability.

Plaintiff's evidence of harassment consists of email communications between Jorge Ferrer, plaintiff's immediate supervisor, and David Guillory, Ferrer's supervisor.[40]  However, these communications show no evidence of unlawful harassment, but do tend to defeat any claim of harassment.  For example, plaintiff claims he was harassed by not having access to a telephone or computer, but the evidence shows that his supervisors were aware of

---

[38] The United States Supreme Court has mandated that harassment must be "severe or pervasive" in order to "affect a term, condition, or privilege of employment." *Meritor Savings Bank v. Vinson*, 477 U.S. 57, 106 S.Ct. 2399, 91 L.Ed.2d 49 (1986).  The Court need not decide whether the alleged harassment in this case is sufficiently severe or pervasive since plaintiff's hostile work environment claim fails on other grounds.

[39] *Celestine v. Petroleos de Venezuela, SA*, 266 F.3d 343, 353 (5th Cir. 2001).

[40] Rec. Doc. No. 13, Plaintiff's Exhibits 8, 9, and 10.

the problem and were attempting to remedy it.[41]  Also, Guillory's request that Ferrer report to him regarding plaintiff's work assignments does not show harassment because a supervisor's job requires the supervisor to oversee subordinates and their work activities.  Furthermore, plaintiff fails to explain how mere communications between Ferrer and Guillory could constitute harassment against plaintiff because this activity was in no way directed towards the plaintiff.  Finally, plaintiff has not shown that his two week suspension was an act of harassment based on age or disability.  For reasons previously set forth in this opinion regarding the facts pertaining to plaintiff's suspension, the Court finds that the suspension was not an act of unlawful harassment, but rather a reasonable response from defendant based on facts the defendant had at the time it mandated the suspension.

### E.  Due Process Claim

Plaintiff claims that his suspension from work deprived him of a property interest in his employment, and this deprivation resulted in a violation of his due process rights guaranteed by the Federal Constitution.[42]  In order to successfully assert a due

---

[41] *Id.*

[42] Plaintiff also claims that defendant's actions violate provisions of the Louisiana Constitution, but plaintiff's only basis for jurisdiction in his complaint is under 28 U.S.C. § 1331. Plaintiff has not alleged supplemental jurisdiction under 28 U.S.C. § 1367 to support the assertion of state law claims in this case. Furthermore, even if the plaintiff did assert jurisdiction under 28 U.S.C. §1367 the Court declines to exercise supplemental
(continued...)

process claim plaintiff must establish that he had a protected property interest in his employment.[43]  An at will employee does not have a property interest in continued employment.[44]  Louisiana is an employment at will state, and therefore plaintiff bears the burden of proving the existence of a contract that would alter his at will status in order to establish a property interest in continued employment.[45]  Plaintiff has produced no evidence of such a contract, nor has plaintiff even alleged that he was not an at will employee.  Without this evidence, plaintiff cannot establish a property interest in continued employment.  Therefore, defendant's motion for summary judgment should be granted on the due process claims.

### F. Equal Protection Claim

Plaintiff's complaint also alleges that his rights under the equal protection clause of the Fourteenth Amendment were violated

---

[42](...continued)
jurisdiction over any state law claims asserted in this case.  To the extent state law claims were asserted, the Court declines to accept jurisdiction over these claims in the exercise of discretion given to the Court under 28 U.S.C. § 1367.  These claims, if asserted, will be dismissed without prejudice.

[43] *Bolton v. City of Dallas, Texas*, 472 F.3d 261, 263 (5th Cir. 2006).  The Fifth Circuit also requires the plaintiff to show that termination was arbitrary or capricious, but this requirement is inapplicable to this case since plaintiff was not terminated.  *Id.*

[44] *Kinney v. Weaver*, 367 F.3d 337, 353 (5th Cir. 2004).

[45] *Gilbert v. Tulane University*, 909 F.2d 124, 126 (5th Cir. 1990); *Grey v. Dallas Independent School Dist.*, 2008 WL 410399 (5th Cir. 2008), citing *Schultea v. Wood*, 27 F.3d 1112, 1116 (5th Cir. 1994).

by the defendant's conduct.  As neither party has addressed this claim in their briefs, the Court will only summarily address the issue.  The Supreme Court has recognized that an equal protection claim can be brought by a "class of one" where the plaintiff alleges he has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment.[46]  However, plaintiff must go beyond the pleadings and present summary judgment type evidence to support its claims in order to defeat summary judgment.  The only evidence of a similarly situated individual is Cook, but there is no evidence which shows that Cook was treated differently than plaintiff.  Cook chose to resign rather than face possible disciplinary action as plaintiff chose to do.  Defendant's motion for summary judgment should be granted on the equal protection claim.

**III. Conclusion**

For the reasons set forth above, defendant's motion for summary judgment is granted and plaintiff's suit on the federal claims is dismissed with prejudice.

To the extent plaintiff has asserted state law claims in this case, the Court in its discretion refuses to exercise supplemental jurisdiction under 28 U.S.C. §1367 on these claims and any state law claims are dismissed without prejudice.

---

[46] *Village of Willowbrook v. Olech,* 528 U.S. 562, 564, 120 S.Ct. 1073, 145 L.Ed.2d 1060 (2000).

Doc#45111                               19

Judgment shall be entered accordingly.

Baton Rouge, Louisiana, September 18, 2008.

*[signature]*
FRANK J. POLOZOLA
MIDDLE DISTRICT OF LOUISIANA